IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAMS, #2184929, PLAINTIFF, | § § § § | |
| v. | § § | CIVIL CASE NO. 3:19-CV-2802-L-BK |
| CLAY M. EMBREY, DEFENDANT. | § § § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States Magistrate Judge for judicial screening.  The Court granted Plaintiff Michael Williams' motion to proceed *in forma pauperis*, but did not issue process.  Upon review of the relevant pleadings and applicable law, this case should be summarily **DISMISSED WITH PREJUDICE** as frivolous.

On November 25, 2019, Williams, a Texas state prisoner, initiated this action by filing a pro se *Prisoner's Civil Rights Complaint* against Clay Embrey, his bondsman, for maliciously filing an affidavit to surrender bond on May 26, 2017.  Doc. 3 at 3, 6-7.  Williams asserts breach of contract and Due Process and Equal Protection violations.  Doc. 3 at 3.  He seeks compensatory damages of $1,000,000 and $1,500 for breach of the bond agreement.  Doc. 3 at 4.  However, Williams' allegations duplicate the claims he filed against Embrey in *Williams v. Embrey, et al.*, No. 4:17-CV-984-O, Civ. Doc. 19 at 5, 7 (N.D. Tex. Apr. 24, 2019) (dismissing civil rights claim against Embrey for filing false affidavit to surrender bond for failure to state

claim and declining to exercise supplemental jurisdiction over claim for breach of bond agreement.

Even under the most deferential review, Williams reasserts claims arising from substantially the same facts and course of events and involving one of the same defendants that he unsuccessfully litigated against in Case No. 4:17-CV-984-O. *See Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989) (recognizing that *in forma pauperis* ("IFP") action is duplicative when it "seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff[]"). Consequently, the complaint is frivolous or malicious. *See Roberson v. Breen*, 444 F. App'x 841, 842 (5th Cir. 2011) (per curiam) ("An action may be dismissed as malicious and frivolous if it duplicates claims raised by the same plaintiff in previous or pending litigation." (citing *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (relating to pending litigation), and *Wilson*, 878 F.2d at 850 (addressing dismissed litigation))); *see also* 28 U.S.C. § 1915(e)(2)(b) (providing for *sua sponte* dismissal of *in forma pauperis* complaint that is frivolous or malicious).

For the foregoing reasons, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous. *See* 28 U.S.C. § 1915(e)(2)(b). This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).

**SO RECOMMENDED** on January 13, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and where in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).