IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MICHAEL WILLIAMS (#2184929)**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:19-cv-2802-L** |
| | § | |
| **CLAY M. EMBREY**, | § | |
| | § | |
| Defendant. | § | |

## ORDER

On January 31, 2020, the court dismissed with prejudice *pro se* Plaintiff Michael Williams's ("Plaintiff") action against Defendant Clay M. Embrey ("Defendant"). On that same day, Plaintiff filed his Objections ("Objections") (Doc. 9) to the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 6), entered by United States Magistrate Judge Renee Toliver on January 13, 2020.* As the court's prior order accepting the Report did not address Plaintiff's Objections, the court **vacates** its order and judgment of January 31, 2020 (Docs. 7 & 8), and will herein address Plaintiff's Objections.

In the Report, Magistrate Judge Toliver recommended that the court dismiss with prejudice as frivolous this action. On January 31, 2020, Plaintiff filed his Objections. He contends that the court should disregard the Report and that no strike should be held against him for relitigating this action. Specifically, he asserts that his claim in the prior case for breach of the bond agreement was dismissed without prejudice and, thus, was not considered on the merits. *See* Doc. 19, Cause

---

* According to the clerk's docket sheet, the clerk of court received Plaintiff's Objections on January 31, 2020. The document indicates a signature date of January 27, 2019, but the stamp indicating when the Objections were deposited in the prison mail system is illegible. The court, however, can reasonably infer based on when the document was signed and received by the court that Plaintiff mailed his Objections on or before January 30, 2020, which makes them timely.

Order – Page 1

No. 4:17-cv-984-O (N.D. Tex. Apr. 24, 2019). He further contends that this claim was not deemed frivolous and does not warrant a strike.

Despite Plaintiff's assertions, that his breach of the bond agreement claim was dismissed without prejudice is of no moment because the current action is still based on "substantially the same facts arising from a common series of events." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989). The prior dismissal without prejudice of the claim for breach of the bond agreement was Plaintiff's opportunity to file his action in the appropriate state court as previously directed. He chose not to do so and, instead, filed this duplicative action. Unlike his previous action, the issue before the court is not whether it chooses to exercise supplemental jurisdiction over his state-law claims, but whether he is entitled to file a subsequent lawsuit based on the same facts and events. Thus, the court may consider the standard related to 28 U.S.C. § 1915, rather than supplemental jurisdiction, and, after a review of the complaints in both actions, the court determines that the current action is not only frivolous but likely malicious as well.

Accordingly, having reviewed the pleading, file, record in this case, and Report, and having conducted a *de novo* review of the portions of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct and **accepts** them as those of the court. Accordingly, the court **overrules** Plaintiff's Objections and **dismisses with prejudice** this action as frivolous or malicious pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal will also count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th

Cir. 1997). Based on the magistrate judge's Report, the court concludes that any appeal of this action would present no legal point of arguable merit and would therefore be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Petitioner may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 3rd February, 2020.

Sam A. Lindsay
United States District Judge